IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICA CAN! CARS FOR KIDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| KARS 4 KIDS INC., | § | |
| | § | |
| Defendant. | § | |

## AMERICA CAN! CARS FOR KIDS' COMPLAINT

America Can! Cars For Kids ("America Can!") files this Complaint, complaining of defendant Kars 4 Kids Inc. ("Kars").

## NATURE OF THE ACTION

1. This is an action for fraud on the United States Patent and Trademark Office, priority, likelihood of confusion pursuant to 2(d) of the Lanham Act, 15 U.S.C. § 1052(d); unfair competition pursuant to 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and trademark dilution, infringement and unfair competition.

## THE PARTIES

2. America Can! Cars For Kids is a Texas not-for-profit corporation with offices at 7100 Marvin D. Love Freeway, Dallas, Texas 75237.

3. Upon information and belief, Kars is a non-profit corporation organized under the laws of the State of New Jersey with an address at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b) insofar as this action involves: (1) claims arising under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1114 *et seq.*; and (2) is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

5. Defendant, Kars, is subject to personal jurisdiction in this Court because of its systematic and continuous contacts with the State of Texas.  On information and belief, Kars is soliciting and receiving donations in this district and has directed wrongful conduct towards residents of Texas through use of the marks "1-877-Kars-4-Kids" and "Kars 4 Kids" (collectively, the "Kars 4 Kids Marks" or "KARS 4 KIDS Marks") which infringes upon certain intellectual property rights of America Can! in its "Cars For Kids" mark (the "CARS FOR KIDS Mark").

6. On information and belief, Kars 4 Kids also maintains a web site, which is accessible to everyone in Texas who owns a personal computer or otherwise has access to the Internet, located at http://www.kars4kids.org/donate-car-tx.asp  (Texas specific) and http://www.kars4kids.org/ (general) , at which it is currently advertising its infringing Kars 4 Kids Marks.

7. On information and belief, Kars promotes its charitable fundraising services in connection with the Kars 4 Kids Marks through national advertising, including national radio advertisements, which are heard throughout the United States, including in Texas.

8. Venue is proper in this jurisdiction pursuant to, *inter alia,* 28 U.S.C. § 1391.

## FACTS

### A. *America Can!'s Charitable Activities and America Can!'s CARS FOR KIDS Mark*

9. America Can! is a charity that has been helping to turn around the lives of children since 1985.[1]

10. In the late 1980s, America Can! began to devote significant efforts toward creating a program aimed at aiding underprivileged youth with educational programs through funds raised by collecting and reselling used automobiles and watercraft at auction.

11. Beginning in 1989, America Can! took steps to promote its automobile and watercraft resale program and boost its charitable fundraising activities through use of the assumed name Cars for Kids. Additionally, on August 14, 1989, America Can! filed for and obtained an Assumed Name Certificate in Texas for the name "Kars For Kids." These assumed names accurately reflected America Can!'s program to provide funding for educational programs aimed at underprivileged children through the sale of used automobiles and watercrafts.

12. Since at least 1989, America Can! has continuously and consistently used its CARS FOR KIDS Mark in interstate commerce and in connection with its charitable fund raising services.

13. America Can! has expended significant resources toward extensive marketing and advertising efforts to promote its CARS FOR KIDS Mark and the underlying automobile and watercraft donation program including, but not limited to, print and broadcast advertising, billboards, door hangings, and other publicity methods.

14. As a result, the CARS FOR KIDS Mark and its related marketing slogan "Write Off The Car, Not The Kid" have received widespread recognition and value in the United States.

---

[1] At the time America Can! was known as Texans Can! and it has, throughout its existence, operated under a number of names incorporating the word "Can". America Can! has operated under its current name since February 7, 2003.

**AMERICA CAN! CARS FOR KIDS' COMPLAINT**
15458430.2                                                                                                              Page 3

15. Further, America Can! has acquired common law rights in the trademark CARS FOR KIDS in connection with its charitable activities and has developed exceedingly valuable goodwill with respect to the CARS FOR KIDS Mark.

16. Although America Can!'s activities were initially concentrated in Texas, where the charity was founded, since its founding, America Can! has solicited and received donations in aid of its activities in all 50 states.

17. America Can! uses the funds it receives through donations and through its auction of automobiles and watercraft to create and support educational programs for at risk youth at the high school level in order to help them obtain a high school diploma and to give them the tools to achieve economic independence.

18. To date, America Can!'s programs have served over 50,000 students. As a result, America Can!'s programs have been the subject national press coverage and recognized by Independent Charities of America as a "Best in America" charity and greatnonprofits.org as a top-rated nonprofit for 2014.

### B.    KARS' Infringement of America Can!'s CARS FOR KIDS Mark

19. In or about August of 2003, America Can! learned of Kars' use of the phrase "Kars 4 Kids" in connection with its alleged automobile donation program through an advertisement that appeared in the Dallas Morning News.

20. Based on the advertisement, it appeared that Kars' donation program was similar, if not identical, to that which had been implemented by America Can! for more than a decade. As a result, it appeared as though America Can! and Kars operated in the same area of commerce.

21. Because Kars' use of the Kars 4 Kids Marks was so similar to America Can!'s CARS FOR KIDS Mark and because both entities appeared to be operating similar automobile donation programs aimed at the same channels of commerce, America Can! took steps to advise Kars of its CARS FOR KIDS Mark and the likelihood that Kars' use of the similar phrase "Kars 4 Kids" was likely to cause confusion, mistake and deception in the marketplace.

22. Specifically, by letter dated August 7, 2003 (the "Cease and Desist Letter"), America Can!'s attorneys advised Kars in writing of America Can!'s rights in its CARS FOR KIDS Mark and informed Kars that, *inter alia*: (1) America Can! had been exclusively utilizing the CARS FOR KIDS Mark since 1992;[2] and (2) Kars' use and adoption of the confusingly similar Kars 4 Kids Marks infringed on America Can!'s CARS FOR KIDS Mark and was likely to cause confusion, mistake, and deception with respect to America Can!'s CARS FOR KIDS Mark.

23. Although Kars appeared to have ceased its use of the "Kars 4 Kids" phrase in America Can!'s home state of Texas following Kars' receipt of the Cease and Desist Letter, Kars has, upon information and belief, continued to use the phrase "Kars 4 Kids" in connection with its commercial activities outside the State of Texas and continues to seek and accept donations of cars located in, or from residents of, Texas.

24. On information and belief, with full knowledge of America Can!'s CARS FOR KIDS Mark, on February 24, 2011, Kars filed U.S. Trademark Application Ser. No. 85/250,329 for the Mark 1-877-KARS-4-KIDS (the "Kars Application") with the United States Patent and Trademark Office (the "USPTO") covering "charitable fund raising services by means of

---

[2] The 2003 Letter asserted that America Can! (then known as Texans CAN!) had been exclusively utilizing the "Cars for Kids" name in Texas since 1992. America Can!'s trademark application filed in December of 2012 similarly misstated its first use of the CARS FOR KIDS Mark as 1991. In fact, America Can! has actually been utilizing the CARS FOR KIDS Mark since at least 1989.

collecting and reselling used automobiles," in International Class 36. That application ultimately issued as Reg. No. 4,130,622 on April 24, 2012.

25. In the Kars Application, Kars asserted that it had been using the phrase "1-877-KARS-4-KIDS" in commerce since October 08, 2003 -- two months *after* Kars' receipt of the 2003 Letter from America Can!'s attorneys.

26. The Kars Application was executed on behalf of Kars by Asher Moskovits ("Moskovits"), Kars' Director of Business Development. At the time Moskovits executed the Kars Application, Kars was well-aware of America Can!'s pre-existing rights in the CARS FOR KIDS Mark and the fact that America Can! had been using the CARS FOR KIDS Mark since at least 1992 by virtue of, *inter alia*, Kars' receipt of America Can!'s Cease and Desist Letter. Kars' was further aware that its use of the Kars 4 Kids Marks would likely cause confusion, cause mistake, or deceive consumers and/or potential donors in the marketplace.

27. Despite its knowledge of America Can!'s preexisting rights in its CARS FOR KIDS Mark, and its knowledge that a "Kars 4 Kids" trademark would likely cause confusion, or cause mistake, or deceive consumers and/or potential donors, Kars declared in the Kars Application that, *inter alia*, to best of its knowledge and belief, no other person or corporation had the right to use any mark that had such a near resemblance to "Kars 4 Kids" as to be likely, when used on or in connection with such other person's services, to cause confusion, or to cause mistake, or to deceive.

28. Kars' declaration in the Kars Application not only ignored the contents of America Can!'s Cease and Desist Letter with respect to America Can!'s prior use of a CARS FOR KIDS Mark, it also ignored the fact that Kars had been advised by the USPTO as early as May 2009 that a requested mark of "Kars 4 Kids" was confusingly similar to terms previously

used by a third party for the very same services of car donations for children's charities that Kars was seeking to promote in connection with its own activities.[3]

29. Accordingly, Kars declaration in support of the Kars Application was knowingly and materially false and misleading and was made with the intent to deceive the USPTO.

30. On December 6, 2012, America Can! filed a trademark application (the "America Can! Application") for the CARS FOR KIDS Mark with the USPTO for use in "arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales; organizing and conducting charity auctions for charitable fundraising purposes," in International Class 35, and "charitable fundraising by means of collecting and reselling used automobiles and watercraft," in International Class 36 as evidenced by the publication of such designations in the *Official Gazette* on December 3, 2013.

31. On or about May 30, 2014, Kars filed an opposition (the "Opposition") to the America Can! Application contending, *inter alia*, that it had priority over America Can!'s Application because Kars had allegedly used its alleged 1-877-KARS-4-KIDS and KARS 4 KIDS trademarks in commerce prior to America Can!'s use of its CARS FOR KIDS Mark in commerce.

32. On or about August 7, 2014, America Can! filed an answer to Kars' Opposition in which it asserted, *inter alia*, a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration (Reg. No. 4,130,622) (the "America Can! Cancellation") based upon, among other things, the fraudulent statement(s) contained in the Kars Application.

33. On or about September 8, 2014, Kars filed an answer to the America Can! Cancellation ("Kars' Answer").

---

[3] The USPTO advised Kars of this issue in a May 13, 2009 Official Action (the "Official Action") sent to Kars in response to its attempt to register the mark "Kars 4 Kids" (U.S. App. Serial No. 77/673,523).

**AMERICA CAN! CARS FOR KIDS' COMPLAINT**
15458430.2                                                                                                   Page 7

## CLAIM 1
### CANCELLATION OF THE "1-877-KARS-4-KIDS" TRADEMARK, REG. NO. 4,130,622 (15 U.S.C. § 1119)

34. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. This Court has the authority to order the cancellation of the 1-877-KARS-4-KIDS Registration pursuant to 15 U.S.C. § 1119, which allows the Court in "any action involving a registered mark" to "order the cancellation of registrations, in whole or in part, and otherwise rectify the register with respect to the registration of any party to the action."

36. According to the records of the USPTO, Kars filed its U.S. Trademark Reg. No. 4,130,622 for 1-877-KARS-4-KIDS on February 24, 2011, and alleged dates of first use in commerce and anywhere of October 08, 2003.

37. America Can! has been using its CARS FOR KIDS Mark in commerce since at least as early 1989, well prior to any date of first use Kars 4 Kids, Inc. can show for either its alleged KARS 4 KIDS Marks.

38. The CARS FOR KIDS Mark and the alleged KARS 4 KIDS Marks are legally identical.

39. As the alleged 1-877-KARS-4-KIDS mark fully incorporates the legally identical CARS FOR KIDS Mark and the 1-877 number string represents a merely generic telephone prefix, the alleged 1-877-KARS-4-KIDS mark and the CARS FOR KIDS Mark are confusingly similar.

40. As America Can! possesses prior rights to the CARS FOR KIDS Mark, Plaintiff respectfully requests the cancellation of the foregoing U.S. Trademark Reg. No. 4,130,622 for the KARS 4 KIDS Marks.

## CLAIM 2
## DECLARATORY JUDGMENT OF FRAUD ON THE USPTO AND CANCELLATION OF THE "1-877-KARS-4-KIDS" TRADEMARK, REG. NO. 4,130,622 (15 U.S.C. § 1119)

41. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. On February 24, 2011, Kars filed the Kars Application for its U.S. Trademark Reg. No. 4,130,622 for 1-877-KARS-4-KIDS.

43. In the Kars Application, Kars' Director of Business Development, Asher Moskovits ("Moskovits"), declared, under oath, among other things, that to the best of his knowledge and belief no other person or corporation had the right to use any mark that had such a near resemblance to Kars' requested 1-877-KARS-4-KIDS trademark as to be likely, when used on or in connection with such other person's services, to cause confusion, or to cause mistake, or to deceive.

44. At the time Kars filed the Kars Application, including the sworn declaration of Moskovits, Kars was aware that America Can! was already using its CARS FOR KIDS Mark by virtue of, *inter alia*, America Can!'s Cease and Desist Letter.

45. At the time Kars filed the Kars Application, including the sworn declaration of Moskovits, Kars was also aware, by virtue of, *inter alia*, the USPTO's May 13, 2009 Office Action, that a "Kars 4 Kids" mark would be the same or confusingly similar to another CARS FOR KIDS-formative that offered the very same services of car donations for children's charities purportedly offered by Kars.

46. At the time Kars filed the Kars Application, including the sworn declaration of Moskovits, Kars was aware that America Can! had legal rights in its CARS FOR KIDS Mark that were superior to the rights Kars claimed in its alleged KARS 4 KIDS Marks.

47. Kars' failure to disclose these facts and Moskovits' declaration, on behalf of Kars, that, to the best of his knowledge and belief, no other person or corporation had the right to use any mark that had such a near resemblance to Kars' requested 1-877-KARS-4-KIDS trademark as to be likely, when used on or in connection with such other person's services, to cause confusion, or to cause mistake, or to deceive, was knowingly and materially false and misleading and was made with the intent to deceive the USPTO in order to procure a registration to which Kars was not entitled.

48. America Can! has been and will continue to be damaged by maintenance of U.S. Trademark Reg. No. 4,130,622 for the alleged 1-877-KARS-4-KIDS mark based on the likelihood that such mark is likely to cause confusion, to cause mistake or to deceive to the detriment of America Can! charitable operations.

49. In view of the above allegations, Kars was not entitled to registration of the 1-877-KARS-4-KIDS mark because Kars committed fraud in procuring Registration No. 4,130,622. Accordingly, Registration No. 4,130,622 should be cancelled.

### CLAIM 3
### DECLARATORY JUDGMENT OF NO PROTECTABLE TRADEMARK

50. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. America Can! is the owner of U.S. App. Serial No. 85/796,733 for CARS FOR KIDS -- i.e., the CARS FOR KIDS Mark -- for use in connection with "arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales; Organizing and conducting charity auctions for charitable fundraising purposes," in International Class 35, and "charitable fundraising by means of collecting and reselling used automobile and watercraft," in International Class 36.

52. Since at least as early as 1989, America Can! has continuously used the CARS FOR KIDS Mark in interstate commerce and throughout the United States.

53. Kars filed its application for the requested 1-877-KARS-4-KIDS mark on February 24, 2011, alleging a date of first use in commerce and anywhere of October 8, 2003, a date well subsequent to the establishment of America Can!'s rights in its CARS FOR KIDS Mark.

54. Kars alleges in its Complaint that it has used the requested KARS 4 KIDS mark since 1998, a date well subsequent to the establishment of America Can!'s rights in its CARS FOR KIDS Mark.

55. There is no issue as to priority of use between America Can!'s CARS FOR KIDS Mark and the alleged KARS 4 KIDS Marks.

56. During Kars' opposition of the CARS FOR KIDS Mark, Defendant admitted that the similarity between America Can!'s CARS FOR KIDS Mark and Defendant's alleged Marks 1-877-KARS-4-KIDS and KARS 4 KIDS are likely to cause confusion between America Can!'s Mark and Kars' alleged marks within the meaning of Section 2(d) of the Lanham Act.

57. Defendant is thus estopped from arguing that there is no likelihood of confusion between America Can!'s CARS FOR KIDS Mark and Kars' alleged KARS 4 KIDS Marks within the meaning of Section 2(d) of the Lanham Act.

58. Since America Can! has priority of use of the Marks at issue and Kars has admitted that its alleged KARS 4 KIDS Marks are likely to cause confusion with America Can!'s CARS FOR KIDS Mark, Kars is not entitled to claim superior rights to the alleged KARS 4 KIDS Marks.

59. If Kars is permitted to retain its registration for the alleged 1-877-KARS-4-KIDS mark, a cloud will be placed on America Can!'s title in, and to, its CARS FOR KIDS Mark, onto its ability to obtain registration, and on its right to enjoy the free and exclusive use thereof, in connection with the provision of its services -- all to the harm and detriment of America Can!.

60. Additionally, America Can! has been, and will continue to be, damaged by the existence and issuance of Kars' U.S. Trademark Registration No. 4,130,622 for the alleged mark 1-877-KARS-4-KIDS.

61. A judicial declaration of Kars' lack of protectable trademark rights is necessary and appropriate to resolve this controversy.

## CLAIM 4
## DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

62. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. Based upon its prior and continuous use of the CARS FOR KIDS Mark, America Can! does not infringe and has not infringed upon any trademark rights that Kars may have or alleges to possess.

64. A judicial declaration of non-infringement of Kars' asserted trademark rights is necessary and appropriate to resolve this controversy.

## CLAIM 5
## UNFAIR COMPETITION UNDER FEDERAL LAW (15 U.S.C. § 1125(a))

65. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Kars' conduct constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Kars' use of the 1-877-KARS-4-KIDS

and KARS 4 KIDS marks is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Kars' services.

67. Kars' conduct is, and has been, willful and deliberate.

68. Kars' conduct has caused, and is causing, immediate and irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars' conduct and unless Kars is permanently enjoined, Kars' conduct will continue to cause America Can! irreparable harm.

69. America Can! has been and will continue to be damaged by Kars' conduct in an amount to be determined at trial.

## CLAIM 6
## TRADEMARK DILUTION UNDER FEDERAL LAW (15 U.S.C. § 1125(c))

70. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 69 of these Counterclaims as if fully set forth herein.

71. America Can!'s CARS FOR KIDS Mark is inherently distinctive. By virtue of America Can!'s extensive nationwide advertising and promotion of the CARS FOR KIDS Mark for more than two decades, the Mark has acquired distinctiveness in the marketplace and has become famous as a designation of source of America Can!'s services such that the CARS FOR KIDS Mark is uniquely associated with America Can! and widely recognized by the general consuming public.

72. Kars' use of its alleged KARS 4 KIDS Marks for its competitive fundraising services by means of collecting and reselling used automobiles, which began after America Can!'s CARS FOR KIDS Mark became famous, has diluted, or is likely to dilute, and unless restrained will continue to dilute, the distinctive quality of the CARS FOR KIDS Mark by destroying the exclusive association between the CARS FOR KIDS Mark and America Can!'s

services, or otherwise lessening the capacity of the CARS FOR KIDS Mark to exclusively identify America Can! and its services.

73. Kars' conduct constitutes trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

74. Kars' conduct is, and has been, willful and deliberate.

75. Kars' conduct has caused, and is causing, immediate and irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars' conduct and unless Kars is permanently enjoined, Kars' conduct will continue to cause America Can! irreparable harm.

76. America Can! has been, and will continue to be, damaged by Kars' conduct in an amount to be determined at trial.

## CLAIM 7
## INJURY TO BUSINESS REPUTATION AND DILUTION

77. America Can! repeats and re-alleges the allegations set forth Paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. America Can!'s CARS FOR KIDS Mark is famous and distinctive. By virtue of America Can!'s extensive advertising and promotion of the CARS FOR KIDS Mark for more than two decades, the Mark has acquired distinctiveness in the marketplace and has become famous as a designation of source of America Can!'s services such that the CARS FOR KIDS Mark is uniquely associated with America Can! and widely recognized by the general consuming public nationally and in Texas.

79. Kars' use of its KARS 4 KIDS Marks for its competitive fundraising services by means of collecting and reselling used automobiles, which began after America Can!'s CARS FOR KIDS Mark became famous has diluted, or is likely to dilute, and unless restrained will

continue to dilute, the distinctive quality of the CARS FOR KIDS Mark by destroying the exclusive association between the CARS FOR KIDS Mark and America Can!'s services, or otherwise lessening the capacity of the CARS FOR KIDS Mark to exclusively identify America Can! and its services.

80. Kars' conduct constitutes trademark dilution under Texas Business and Commerce Code Section 16.103.

81. Kars' conduct is, and has been, willful and deliberate.

82. Kars' conduct has caused, and is causing, immediate and irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars' conduct, and unless Kars is permanently enjoined Kars' conduct will continue to cause America Can! irreparable harm.

83. By its actions, Kars has gained financial benefit for itself and has caused financial loss and damages to America Can!

84. America Can! has been and will continue to be damaged by Kars' conduct in an amount to be determined at trial.

### CLAIM 8
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

85. America Can! repeats and re-alleges the allegations set forth in Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. America Can! is the exclusive owner of the valid CARS FOR KIDS Mark in connection with arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales; organizing and conducting charity auctions for charitable fundraising purposes, and charitable fundraising by means of collecting and reselling used automobile and watercraft.

87. Kars' use of KARS 4 KIDS as a trademark, in connection with its charitable fundraising services, without the authorization or consent of America Can!, is likely to cause confusion and mistake, and to deceive consumers as to the source, origin, sponsorship, or affiliation of Kars' services and constitutes trademark infringement, unfair competition, dilution and misappropriation of CARS FOR KIDS goodwill and reputation.

88. Kars' conduct is, and has been, willful and deliberate.

89. Kars' conduct causes immediate irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars' conduct and, unless Kars is enjoined, Kars' conduct will continue to cause America Can! irreparable harm.

90. America Can! has been, and will continue to be, harmed by Kars' infringement of the CARS FOR KIDS Mark in an amount subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, America Can! demands judgment against Kars, as follows:

(A) that U.S. Trademark Registration No. 4,130,622 for the mark 1-877-KARS-4-KIDS be cancelled;

(B) that Kars and its officers, directors, agents, servants, employees, licensees, and all other persons in privity or acting in concert with them be preliminarily and permanently enjoined and restrained from using the KARS 4 KIDS and 1-877-KARS-4-KIDS designations or any term, mark, logo, trade name, Internet domain name, or any other source identifier or symbol of origin that is confusingly similar to the CARS FOR KIDS Mark or likely to dilute its distinctive quality;

    (C)  that Kars provide an accounting of its profits, and any damages sustained by America Can!, from the foregoing acts of trademark infringement, trademark dilution, and unfair competition;

    (D)  that Kars pay an award of profits in accordance with such accounting and award a judgment for three times America Can!'s actual damages arising from Kars' unlawful conduct pursuant to 15 U.S.C. § 1117;

    (E)  that Kars' conduct was willful and that this case is exceptional pursuant to 15 U.S.C. § 1117;

    (F)  Order that America Can! recover its costs, including its reasonable attorney's fees and disbursements, in this action pursuant to 15 U.S.C. § 1117;

    (G)  Direct the USPTO to dismiss the Kars' Opposition pursuant to 15 U.S.C. § 1019; and

    (H)  Order such other and further relief that the Court deems just and proper.

Dated: November 12, 2015								Respectfully submitted,

By: */s/ Aimee M. Furness*
Aimee M. Furness
State Bar No. 24026882
**HAYNES AND BOONE, LLP**
2323 Victory Avenue
Suite 700
Dallas, Texas  75219
Telephone: (214) 651-5000
Facsimile: (214) 651.5690
Email: Aimee.Furness@haynesboone.com

Jonathan D. Pressment, Esq. (*Pro Hac Vice, Application forthcoming*)
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: Jonathan.Pressment@haynesboone.com