UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICA CAN! CARS FOR KIDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3648-B |
| | § | |
| KARS 4 KIDS, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kars 4 Kids, Inc.'s Motion to Dismiss (Doc. 10). For the following reasons, the Court **DENIES** Defendant's Motion, but **TRANSFERS** this case to the United States District Court for the District of New Jersey.

### I.

### BACKGROUND[1]

This is a trademark infringement and unfair competition case. Defendant's Motion, however, only requires the Court to decide whether it should (1) transfer this action to the United States District Court for the District of New Jersey in light of a nearly-identical, potentially-pending suit there or (2) allow this action to proceed here. Accordingly, the Court will not delve into substantive trademark law and will keep its synopsis brief.

America Can! Cars for Kids ("America Can") is a charity that solicits donations of used

---

[1] The Court draws its factual account from the allegations in Plaintiff's Complaint (Doc. 2). *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that, when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

vehicles, which it then sells to fund educational programs for underprivileged children. Doc. 23, Pl.'s Resp. in Opp. to Mot. to Dismiss 3 [hereinafter Pl.'s Resp.] (citing Doc. 1, Compl. ¶¶ 9–11). As part of its vehicle donation program, America Can says it uses a "CARS FOR KIDS" mark, and that it has done so since at least 1989. *Id.* (citing Doc. 1, Compl. ¶ 12).

Kars 4 Kids, Inc. ("K4K") is a charity that maintains a similar operation, collecting and reselling used cars to fund its programs. Doc. 11-1, App. of Exs. to K4K's Mot. to Dismiss and Br. in Supp. 6 [hereinafter Def.'s App.], Ex. A-1, Compl. against America Can! (New Jersey Action) ¶ 1 [hereinafter N.J. Compl.]. As part of its vehicle donation program, K4K says it uses similar marks—"KARS 4 KIDS" and "1-877-KARS-4-KIDS"—and that it has done so since at least 1998. *Id.*

The two charities' similar marks led to K4K suing America Can for trademark infringement, unfair competition and false designation of origin, trademark dilution, and unfair competition in the United States District Court for the District of New Jersey ("New Jersey Court") on December 12, 2014. *See* Doc. 11-1, Def.'s App. 13–17, 19, Ex. A-1, N.J. Compl. ¶¶ 32–63. During those proceedings, the New Jersey Court entered a confidential discovery order and pretrial scheduling order; conducted approximately nine separate telephone conferences with the parties; and held one in-person settlement conference—all of which culminated in a Dismissal Order, pending a final, memorialized agreement between the parties. *See* Doc. 11-1, Def.'s App. 64–67, Ex. A-3, New Jersey Docket Sheet. At some point after the Court issued its Dismissal Order, negotiations between the parties broke down, resulting in the two sides filing cross-motions to enforce the settlement agreement, both on January 19, 2016. *Id.* at 68–69. Later, on July 8, 2016, the New Jersey Court issued an order vacating its prior Dismissal Order, terminating the parties cross-motions to enforce

the settlement agreement, and formally declaring that "[t]*his matter is hereby reopened* and ordered to mediation with regard to any unresolved issues as to settlement." *See Kars 4 Kids v. America Can!*, No. 14-CV-7770, Dkt. No. 64, (D.N.J. July 8, 2016) (emphasis added).

About two months before the parties filed their cross-motions in New Jersey, America Can sued K4K in this Court. Doc. 1, Compl. On February 12, 2016, K4K moved to dismiss America Can's complaint in light of the New Jersey action, which it characterizes as "pending." Doc. 10, Def.'s Mot. to Dismiss and Br. in Supp. [hereinafter Def.'s Mot. to Dismiss]. On March 18, 2016, America Can responded to K4K's Motion, Doc. 23, Pl.'s Resp., and on March 31, 2016, K4K replied. Doc. 25, Def.'s Reply. K4K's Motion is now ripe for review.

## II.

## LEGAL STANDARD

The Fifth Circuit adheres to the "first to file" rule, which provides that, when related cases are pending in two district courts, the court with the later-filed action can refuse to hear the case if the issues raised by both cases "substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The first to file rule is a discretionary doctrine—appellate courts review its application for abuse of discretion. *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). When deciding whether the issues raised in the two cases substantially overlap, the Fifth Circuit has looked to whether "the core issue was the same" or "if much of the proof adduced would likely be identical." *Id.* The cases in each district "should be more than merely related." *Buckalew v. Celanese, Ltd.*, No. Civ.A. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005). However, substantial overlap between cases does not require that the parties and issues be identical. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The two actions

only need "involve closely related questions or common subject matter." *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co.,* No. SA: 04-CA-864-XR, 2005 WL 357657, at *2 (W.D. Tex. Feb. 1, 2005); *see also W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728–29 (5th Cir. 1985). Corresponding "threshold issues" are sufficient to raise the possibility of substantial overlap. *See Am. Home Mortg. Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F. Supp. 2d 648, 650–51 (N.D. Tex. 2010).

The principles of comity and sound judicial administration underlie the first to file rule, the aim of which is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power*, 121 F.3d at 950 (quoting *W. Gulf Mar. Ass'n*, 751 F.2d at 729). If the court in the later-filed action finds that the issues involved are likely to substantially overlap, it is up to the first-filed court to resolve the question of whether both cases should proceed. *Mann Mfg., Inc. v. Hortex, Inc.* 439 F.2d 403, 408 (5th Cir. 1971); *Cadle Co,* 174 F.3d at 606 ("[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated."). Once housed in the first-filed court, the court is "entitled to determine which forum should hear [the] dispute" and may subsequently transfer the suit. *Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009); *Hortex*, 439 F.2d at 407 ("Absent compelling circumstances, the court that initially obtains the controversy should be the one to decide whether it will try it.").

### III.

### ANALYSIS

When a party moves to dismiss or transfer a case under the first to file rule, the court

entertaining that motion must decide whether (1) there exists a pending, previously-filed case, and (2) whether there are disputed issues in that case that substantially overlap with issues in the case currently before it. *Save Power*, 121 F.3d at 950.

Here, K4K moves to dismiss this case under the first-to-file rule. Thus, this Court must determine whether (1) issues raised in this case substantially overlap with those raised in the New Jersey action; and, if so, (2) whether the New Jersey action is still "pending" for purposes of the first to file rule. If the answer to both questions is "yes," then, contrary to K4K's contentions, the Court may *transfer*, but not dismiss, the second-filed action. "The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power*, 121 F.3d at 948. Accordingly, "once the [second-filed] court f[inds] that the issues [between the two cases] might substantially overlap, the proper course of action [i]s for the [second-filed] court to transfer the case [back] to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle Co.*, 174 F.3d at 606.

A.   *Whether There is Substantial Overlap Between the Suits*

K4K insists that "[t]he second-filed action pending in this court is entirely duplicative of the claims at issue in the New Jersey Action" and that "America Can readily admits this." Doc. 10, Mot. to Dismiss 6. In support, it offers (1) America Can's letter to the Honorable Peter G. Sheridan—the presiding judge in the New Jersey action. *Id.* at 7 n.16 (citing Doc. 11-1, Def.'s App. 77, Ex. A-6, Letter from America Can to Judge Sheridan). In that letter, America Can's counsel indicated that "[t]he complaint filed by America Can in the Texas Action asserts claims that are nearly identical to those asserted by America Can in this action." Doc. 11-1, Def.'s App. 77, Ex. A-6, Letter from

America Can to Judge Sheridan. (2) K4K also offers a table, in its brief, comparing America Can's counterclaims in the New Jersey action to its claims here in its Texas suit, arguing that, aside from the causes of action based upon state law—which, of course, differ—America Can's claims are nearly identical in both suits. Doc. 10, Mot. to Dismiss 7–8 (citations omitted). Though America Can's table is inaccurate in its citations, the issues raised in both suits nevertheless overlap substantially. *Compare* Doc. 11-1, Ex. A-2, America Can!'s Answer and Counterclaims, ¶ 1,[2] *with* Doc. 1, Compl. ¶ 1.[3] That is enough. *See W. Gulf Maritime Ass'n*, 751 F.2d at 728–29; *Save Power Ltd.*, 121 F.3d at 950. Even America Can seems to agree that the two actions are duplicative—or at least it does not argue otherwise in its response, where it primarily contends that the New Jersey action is no longer "pending." *See generally* Doc. 23, Pl.'s Resp. In light of the above, then, the Court finds that the two actions raise issues that substantially overlap.

B.      *Whether the New Jersey Action is Still "Pending"*

America Can dedicates the bulk of its Response to K4K's Motion to arguing that the New Jersey action is no longer "pending," *see* Doc. 23, Pl.'s Resp, and K4K expends equal effort arguing the opposite in its Reply. *See* Doc. 25, Defs.' Reply. These arguments are now moot. On July 8, 2016,

---

[2] "This is an action for fraud on the United States Patent and Trademark Office, priority, likelihood of confusion pursuant to 2(d) of the Lanham Act, 15 U.S.C. § 1052(d); unfair competition pursuant to 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and trademark dilution, infringement and unfair competition under both New Jersey law and common law." Doc. 11-1, Ex. A-2, America Can!'s Answer and Counterclaims, ¶ 1.

[3] "This is an action for fraud on the United States Patent and Trademark Office, priority, likelihood of confusion pursuant to 2(d) of the Lanham Act, 15 U.S.C. § 1052(d); unfair competition pursuant to 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and trademark dilution, infringement and unfair competition.". Doc. 1. Compl. 1.

the New Jersey Court issued an order vacating its prior Dismissal Order, terminating the parties cross-motions to enforce the settlement agreement, and formally declaring that "*[t]his matter is hereby reopened* and ordered to mediation with regard to any unresolved issues as to settlement." *See Kars 4 Kids v. America Can!*, No. 14-CV-7770, Dkt. No. 64, (D.N.J. July 8, 2016) (emphasis added). Thus, this Court sees no way in which the parties could possibly construe the New Jersey action as no longer "pending."

Therefore, in light of the New Jersey Court's order, and because the parties seem to agree that the two cases substantially overlap, this Court finds that K4K has established that the first to file rule applies.

## IV.

## CONCLUSION

Accordingly, the Court **TRANSFERS** this case to the United States District Court for the District of New Jersey with the understanding that the New Jersey Court will determine whether it is appropriate to stay or dismiss this case—with or without prejudice—or to allow it to proceed there. Should the New Jersey Court dismiss this case without prejudice, the parties may re-file in this Court.

**SO ORDERED.**

**SIGNED: July 11, 2016**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE